# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEBRA ANN SEEFELDT,

                Plaintiff,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

                Defendant.

Case No. 17-CV-41-JPS

**ORDER**

      Debra Ann Seefeldt filed a complaint in this matter and a motion for leave to proceed without prepayment of the filing fee. (Docket #1 and #2). The Court may grant the plaintiff's motion to proceed without prepayment of the filing fee if it determines that: (1) the plaintiff is truly indigent and unable to pay the costs of commencing this action; and (2) the plaintiff's action is neither frivolous nor malicious. 28 U.S.C. §§ 1915(a), (e)(2).

      As to the first requirement, the privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who…would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In her motion for leave to proceed *in forma pauperis*, the plaintiff made statements about her income under oath. (Docket #2). Her statements show that her monthly income totals $608.00, $357.00 of which comes from food stamps. *Id.* at 2. She states that she is unemployed, so it is not clear where the balance of the income originates. *Id.* at 1-2. She owns no property and has no savings or investments. *Id.* at 3-4. The plaintiff states that her expenses include $595.00 for rent. *Id.* at 2. Though she states that she has

expenses in the "other household expenses" category, she does not specify what those are or the amount of each expense. *Id.* at 2. As it appears that her expenses would meet or exceed her income, the Court is satisfied that the plaintiff is indigent and cannot afford the filing fee.

Further, the Court cannot say that the plaintiff's action is frivolous or malicious. As a *pro se* litigant, her filings are viewed generously. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Using that lens, the Court construes plaintiff's short statement in the complaint form as an attack on the Administrative Law Judge's ("ALJ") decision to deny benefits in her case, namely that the ALJ did not consider her latest medical diagnosis. (Docket #1 at 3). If that contention is true, then the Court may be required to vacate the ALJ's decision. Thus, the plaintiff's action is neither frivolous nor malicious. For those reasons, the Court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge